Yellow River Improvement Company vs. Arnold.

YELLOW RIVER IMPROVEMENT COMPANY vs. ARNOLD.

STAY OF PROCEEDINGS *at the circuit, by supreme court.*

Where, upon defendant's filing a certain bond, with sureties, for the redelivery to the plaintiff (if the court so adjudge) of certain lumber seized by the sheriff to satisfy a lien claimed by plaintiff in this action, under its charter, and for the payment of any judgment which plaintiff may recover herein, the trial court ordered the lumber to be delivered to defendant, and, upon plaintiff's appealing from that order, refused to stay proceedings pending the appeal, and plaintiff applied to this court for such stay: it appearing that defendant's bond, if not provided for by any statute, is a valid common-law obligation, and sufficient to secure plaintiff from all loss, the motion is denied.

The plaintiff company was incorporated by ch. 170, P. & L. Laws of 1857; and its charter was amended by ch. 398, P. & L. Laws of 1868, ch. 186, P. & L. Laws of 1869, and ch. 116, P. & L. Laws of 1871. The general powers of the company, as defined in these acts, related to driving, sorting, delivering, etc., logs on the Yellow river. Sec. 1 of the act of 1871 declares that all claims and demands of the company "for running, driving, sorting, sacking or logging in and delivering any logs, timber or lumber, or for other services to the same, .... shall be a lien preferable to any other lien upon such logs, timber or lumber, and upon any boards, tim-

ber or other articles into which the same shall be manufac-
tured;" and that the company may retain possession of such
logs, etc., until such demands are fully paid, or may seize,
wherever found, and keep possession of such logs, etc., until
the same shall be proceeded against under the act and the
laws pertaining to the company. The act then provides (sec.
2) for the filing by the company of a petition for a lien; and
where the amount of the company's demand exceeds $200, it
provides (sec. 3) that the company, by some officer or agent,
shall make a certain affidavit, and present it to the clerk of
the circuit court for Juneau county, who is required thereupon
to issue to the sheriff of said county a warrant, under the seal
of the court, with such affidavit annexed, directing the sheriff
to seize the property and hold it to satisfy the claim specified
in the affidavit, and to serve a copy of the warrant and affida-
vit upon the owners or claimants of the property, with a sum-
mons requiring them to appear and answer within twenty
days the complaint of the company, to be filed with the clerk
of said court. The act further provides (sec. 9) that in all
cases instituted in the circuit court under its provisions,
" where the owners or claimants [of the property] shall appear
in the action, the same proceedings shall be had, as near as may
be, as in other civil actions, and the sum found due, together
with the costs and disbursements, shall be adjudged a lien
upon the property described in the complaint, and which shall
be described in the execution which may be issued upon such
judgment; and said property [shall be] sold by the proper
officers, .... the proceeds to be applied in payment of such
judgment and costs of sale, the same as in executions upon
money demands issued from the circuit court."

On the 9th of January, 1877, the clerk of the plaintiff
company filed an affidavit with the clerk of the circuit court
for Juneau county, pursuant to said act of 1871, to enforce a
lien upon certain lumber, the property of the defendant, *Ar-
nold*, for a balance of $2,006.90 alleged to be due the company

under the act, for running, sorting, etc., said lumber. The clerk of said court thereupon issued a warrant in due form to the sheriff, who seized the lumber, made service upon *Arnold*, and returned the warrant as required by the act; and the plaintiff's complaint was filed in said court on the 25th of the same month. The defendant answered, denying all indebtedness to the plaintiff, and setting up a counterclaim.

On the 10th of April following, the defendant, upon the pleadings and proceedings in the cause, and upon certain affidavits and an undertaking then presented, applied to the judge of said court for an order on plaintiff to show cause why the court should not order the property in the sheriff's hands to be delivered up to the defendant upon his filing in the court said undertaking. Defendant's affidavit stated that on the 16th of January, after he had entered his appearance in the action by attorney, his attorney tendered to the sheriff an undertaking in due form (with two sureties who had duly justified in the sum of $4,000 each), and demanded that the sheriff accept such undertaking and deliver to affiant the property in question; that the sheriff refused to receive the undertaking, on the ground that he was advised by plaintiff's attorneys that the law did not authorize him to accept any security whatever, and that he must hold the property until final judgment should be obtained in the action; that afterwards such proceedings were had that a peremptory writ of *mandamus* was issued from said court commanding the sheriff to forthwith accept such security and deliver up to affiant said property; that the sheriff refused to obey said writ, and appealed from the decision of the court awarding the same; that affiant's answer in this action was filed January 29th, and no further proceedings had been had in the cause to the date of said affidavit; that affiant was a lumberman in said county, and the property in question was his entire stock piled in his mill-yard, and was of the value of between six and seven thousand dollars; that, in consequence of such seizure, affiant's business

has been entirely interrupted and destroyed; that the whole of said property could and would have been sold at retail during the time it had been held by the sheriff; that in consequence of being deprived of the use of his said property, affiant had been prevented from doing any business whatever at his mill-yard; and that if the property should continue in the sheriff's possession during the pendency of the appeal aforesaid, affiant's business would be irreparably injured. The affidavit further stated that since the taking of said appeal from the order or judgment for a peremptory *mandamus*, affiant had tendered to the plaintiff, as further security, the bond or undertaking accompanying said affidavit, and had demanded that said property be surrendered to him pending the decision of the issues made in the action; that plaintiff had absolutely refused to accept the same, or any security whatever, or to allow the property to be delivered up to the affiant; that plaintiff had no just or legal claim against the affiant for any sum whatever; that affiant was possessed of property, both real and personal, unincumbered, far exceeding in value the amount claimed by plaintiff in this action; and that he believed the action was prosecuted and the property held by the plaintiff for the purpose of irreparably injuring him. There was also an affidavit of merits in the usual form.

The defendant presented at the same time an affidavit of his attorney, which stated, among other things, that the reason assigned to him by plaintiff's attorneys for refusing to accept the undertaking accompanying said affidavits was, that in their opinion the law had made no provision for the giving or taking of security in this case, and that therefore any undertaking or security taken would be void and worthless.

The undertaking accompanying these affidavits, after reciting the proceedings in the cause prior to the date thereof, declares that the persons whose names are signed thereto " as sureties for said defendant, pursuant to the statute in such case made and provided, in consideration of the return of said

Yellow River Improvement Company vs. Arnold.

property to said defendant, undertake and become bound to said plaintiff in the sum of four thousand dollars for the delivery of said property to the plaintiff if said order of this court [directing the issue of a peremptory writ of *mandamus*] shall be reversed, and for the payment to plaintiff of such sum as may for any cause be recovered by him against the defendant in this action." This undertaking is signed by two persons, and there is attached thereto a justification in the usual form, in which each declares that he is a resident and freeholder in this state, and is worth the sum of $4,000 over and above all his debts and exclusive of property exempt from execution.

The order to show cause was granted; and upon a hearing, the court, on the 14th of April, 1877, made an order permitting the defendant to file the undertaking above described, and requiring the plaintiff and the sheriff, upon such filing, to deliver up to defendant the property in question and pay the costs of the motion. The plaintiff immediately gave notice of an appeal from this order, and applied to the circuit court to fix the amount of the undertaking which plaintiff should give in order to stay proceedings upon said order. The court refused to fix such amount or to stay the proceedings, on the ground that the application was " not within the statute," and that the granting or refusal thereof was wholly a matter of discretion.

Afterwards the plaintiff, having filed an undertaking in the usual form to perfect his appeal, obtained from a justice of this court an order upon the defendant to show cause why this court should not fix the amount of an undertaking to stay proceedings in the court below pending this appeal, and stay such proceedings. The order further directed the sheriff to retain possession of the property until the further order of this court. The affidavits upon which this order was obtained, stated, among other things, that upon the appeal from the order or judgment of the circuit court granting a peremptory *mandamus* as above stated (which appeal is still undeter-

mined), the proceedings in the circuit court on that order had been stayed upon plaintiff's filing (pursuant to a stipulation of the parties) an undertaking with sureties in the sum of $10,000.

At the hearing on the order to show cause, a brief for the plaintiff was filed by *Winsor & Veeder*, and there was oral argument by *F. S. Winsor*. They argued that it is the general policy of the law to permit proceedings to be stayed on appeals, and that this court has the power, independently of the statute, to stay such proceedings, and will do so where the circuit court refuses (*Hudson v. Smith*, 9 Wis., 122; *N. W. Mut. Life Ins. Co. v. Park Hotel Co.*, 37 id., 125; *Levy v. Goldberg*, 40 id., 308); that the statute (Tay. Stats., 1641, § 24) which makes a stay upon an appeal discretionary with the trial court, refers to a stay in the main action, and not to a stay in the matters affected by the order appealed from (*Noonan v. Orton*, 30 Wis., 256); that defendant's application for the order appealed from was a second proceeding to obtain the same relief sought in the *mandamus* proceeding, and ought to be dismissed for that reason; that inasmuch as ample security had been given by plaintiff to defendant in the *mandamus* proceeding, he ought to have a stay in this without security; and that the appeal itself operated to stay proceedings on the order appealed from. *Ætna Ins. Co. v. McCormick*, 20 Wis., 265.

*John Turner*, with *L. S. Dixon*, of counsel, for the defendant, argued, among other things, 1. That under the statutes amendatory of the plaintiff's charter, and the general statute relative to attachments therein referred to (sec. 3, ch. 186, P. & L. Laws of 1869, compared with sec. 3, ch. 215, Gen. Laws of 1860, and sec. 21, ch. 130, R. S.; ch. 116, P. & L. Laws of 1871), the defendant was legally entitled to a return of the property upon giving the proper undertaking. *Goodrich v. Milwaukee*, 24 Wis., 422, and cases there cited. 2. That if this were otherwise, the circuit court, in the absence of

any prohibitory statute, had the inherent power to direct the giving of such security, and the acceptance thereof by the plaintiff. The court may always interfere to prevent abuse and mitigate the rigor of the remedy, in furtherance of justice. *Orton v. Noonan*, 27 Wis., 578, and cases there cited; Drake on Att., §§ 344, 346, 399, 406. 3. That the bond in this case, if given to and accepted by the sheriff without statutory authority therefor, would have been good as a common-law obligation, and valid and effectual to secure the plaintiff against loss; and *a fortiori* it must be valid and effectual for that purpose when given by direction of the court. *Lewis v. Stout*, 32 Wis., 234; *Garretson v. Reeder*, 23 Iowa, 21; *Sheppard v. Collins*, 11 id., 570; *Emanuel v. Laflin*, 3 Sm. & M., 342; *Cook v. Boyd*, 16 B. Mon., 556; *Franklin v. Pendleton*, 3 Sandf., 572.

PER CURIAM. This is a rule on the defendant below to show cause why this court should not fix the amount of the undertaking to stay proceedings in the circuit court pending the appeal of the plaintiff herein. The appeal is from an order, which, in substance, directs the sheriff to deliver to the defendant certain lumber and timber that the officer has seized under a warrant issued in favor of the plaintiff company to satisfy a lien claimed under its charter. The circuit court, in effect, decided that the defendant was entitled to the possession of the property seized by the sheriff, upon giving a sufficient bond or undertaking for the delivery of the property to the plaintiff in case a delivery thereof should be ordered, and for the payment of any judgment which the plaintiff may recover in the action. The defendant executed the bond, with sureties. The circuit court, upon such bond being given, refused to stay proceedings pending the appeal taken by the plaintiff from the order; and hence the application is made to this court for a stay.

It is impossible for us to go into an examination of the

points discussed by counsel on both sides on this rule, without anticipating questions which will necessarily arise on the appeal. We can only say that in our judgment the bond given by the defendant under the direction of the court, even if not valid as a statutory undertaking — a question we do not decide now, — is surely good as a common-law obligation. The plaintiff is secured by it against all loss, and, being amply indemnified, cannot be prejudiced if no stay is granted.

The rule to show cause is therefore discharged.